UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

HARGIN S. HAWES, CLERK
U.S. BANKRUPTCY COURT
CENTRAL ILLINOIS DISTRICT

2004 FEB -2 A 10: 52

FILED

| | |
|---|---|
| IN RE<br><br>PATRIOT SEEDS, INC.<br><br>   Debtor | Chapter 11<br>No. 03-84217 |
| PATRIOT SEEDS, INC.<br><br>   Plaintiff<br><br>v.<br><br>Don Bauer<br><br>   Defendant | Adv. Case No. 03-08277 |

**PLAINTIFF-COUNTERCLAIM DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT-COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM**

  I. Don Bauer ("Bauer") does not allege that any damages resulted from his reliance on Patriot Seeds, Inc.'s representation.

  II. Bauer seems to allege that he has been damaged as a result of fraudulent concealment and defamation, but in neither case has he stated a claim upon which relief can be granted.

    A. Bauer has not pleaded fraudulent concealment with the requisite particularity.

    B. Pleadings are privileged communications that cannot give rise to defamation actions, and Bauer has not, at any rate, clearly articulated his charge, as is required by Federal Rule of Procedure 8(a).

11-1

## Law

In order to state a claim based on fraud in Illinois, a plaintiff must allege the following: (a) the defendant made a false representation of a material matter, which he knew or believed to be false; (b) the defendant intended to induce the plaintiff to act in reliance on the truth of the statement; (c) damages resulted from such reliance. Soules v. General Motors Corporation, 79 Ill.2d 282, 286, 402 N.E.2d 599, 601, 37 Ill.Dec. 597, 599 (1980); Peter J. Hartmann Co. v. Capital Bank and Trust Co., 694 N.E.2d 1108, 1114, 296 Ill.App.3d 593, 600, 230 Ill.Dec. 830, 836 (1998); Kelman v. University of Chicago, 166 Ill.App.3d 137, 141, 519 N.E.2d 708, 711, 116 Ill.Dec. 640, 643 (1988). The claim must, in addition, meet the pleading requirements of Federal Rule of Civil Procedure 9(b), to wit: "the circumstances constituting fraud . . . shall be stated with particularity." The purpose of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his claim. Ackerman v. Northwestern Mutual Life Insurance Company, 172 F.3d 467, 469 (7th Cir. 1999). This is warranted because public charges of fraud can do serious harm to the reputation of a defendant. Id. It is also warranted because fraud is frequently charged irresponsibly. Id.

In order to plead the charge of fraud with the requisite particularity, the plaintiff must allege the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. Kennedy v. Venrock Associates, 348 F.3d 584, 593 (7th Cir. 2003); Sears v. Likens, 912 F.2d 889, 893 (7th Cir. 1990) (explaining that the "who, what, when, and how" must be pleaded in an action based on fraud). Conclusory

2

allegations that fail to specify these elements do not satisfy Rule 9(b)'s requirement. Goren v. New Vision International, Inc., 156 F.3d 721, 730 (7th Cir. 1998), citing Robin v. Arthur Young & Co., 915 F.2d 1120, 1127 (7th Cir. 1990) (holding that "[p]laintiffs must provide more than conclusory allegations to satisfy rule 9(b)'s requirement that circumstances of fraud be pleaded with particularity).

## Application

Even ignoring the special pleading requirement of Rule 9(b), Bauer's allegations do not support the charge of fraud. Bauer alleges as follows: (1) Patriot Seeds, Inc., Plaintiff-Counterclaim Defendant ("Patriot"), filed a complaint in which it is claimed that seed corn was transferred to Bauer from Patriot; (2) Patriot knew that no such seed corn had been transferred; (3) the complaint was intended to induce Bauer to make payment to Patriot; and (4) Bauer had to rely on the representation (i.e., the complaint). Bauer fails to allege, however, that damages *resulted from this reliance*. He does, of course, in the sixth averment of his counterclaim allege that he sustained damages, but the damages result from "[1] the concealment of the debt due him and [2] the false claim that seed was transferred to him." Neither of these causes of damage has anything to do with *his reliance* on Patriot's representation in its complaint. More precisely stated, neither of the two things that he claims caused him damage was his reliance on the alleged misrepresentation that seems to be the subject of his counterclaim. (In fact, it is clear that Bauer has never relied on Patriot's representation--he has, after all, attached an answer to his counterclaim in which he "demands strict proof" of every averment in Patriot's

3

complaint.) Two charges, nevertheless, might be able to be abstracted from Bauer's counterclaim: fraudulent concealment and defamation. In neither case, however, has he stated a claim on which relief can be granted.

The fraudulent concealment Bauer refers to is distinct from the fraudulent misrepresentation Bauer refers to in the first four averments of his counterclaim: the alleged misrepresentation is the representation that Bauer received a payment in seed corn that amounts to a preference; the alleged concealment refers to the amount Bauer claims Patriot owes him. The concealment is mentioned in the fifth averment and no other. In it, Bauer claims that Patriot has concealed and is concealing that he is owed $2,376.00 and 3,000 Patriot Bucks. This is not an adequate statement of a claim. The circumstances of fraudulent concealment must be stated with the same specificity as the circumstances of a fraudulent misrepresentation. See, e.g., Hemenway v. Peabody Coal Co., 159 F.3d 255 (7th Cir. 1998); Pitts v. Unarco Industries, Inc. 712 F.2d 276 (7th Cir. 1983). He does not allege the time, place, and content of the fraudulent concealment, and the method by which the concealment was communicated to him. This portion of his counterclaim should consequently be dismissed.

The second cause of damage to Bauer is the "false claim that the seed was transferred to him." As is mentioned above, he does not allege that it was *his* reliance on Patriot's representation that caused him damage. In his seventh averment, the damage he is referring to and its source is made clear: the reliance of others, i.e., the damage his reputation has allegedly sustained as a result of Patriot's complaint. He seems, then, to claim that he has been defamed. But even assuming that this seventh averment carries

4

the relatively light burden imposed by Rule 8(a) of the Federal Rules of Civil Procedure--an unsafe assumption given that he has not plainly and clearly articulated the charge of defamation--anything said or written in a legal proceeding, including pleadings, is protected by an absolute privilege against defamation actions, subject to the qualification that the words be relevant or pertinent to the matters in controversy.  Defend v. Lascelles, 500 N.E.2d 712, 714, 149 Ill.App.3d 630, 633, 102 Ill.Dec. 819, 821 (1986); Libco Corp. v. Adams, 100 Ill.App.3d 314, 55 Ill.Dec. 805, 806, 426 N.E.2d 1130, 1131 (1981); Scheib v. Grant, 22 F.3d 149, 156 (7th Cir. 1994).  Since the averments in Patriot's complaint relate to the matter in controversy (i.e., the preference action), any claim for defamation based on them must be dismissed.

Dated: January 30, 2004

                                                         *Thomas A. Hill* (signature)
                                                         Thomas A. Hill
                                                         One of Plaintiff's Attorneys

Barry M. Barash (ARDC Reg. #108928)
Jamie L. Ross (ARDC Reg. #6257634)
Thomas A. Hill (ARDC Reg. 6280216)
Barash & Everett, LLC
Plaintiff's Attorneys
256 South Soangetaha Road, Suite 108
PO Box 1408
Galesburg, IL 61402-1408
Telephone:  309/341-6010
Fax:             309/341-1945
Email: barashb@barashlaw.com

## PROOF OF SERVICE

I certify that on January 30, 2004, I mailed a copy of this document to:

Woodrow W. Cheesman, CEO
Patriot Seeds, Inc.
PO Box 97
Bowen, IL 62316

US Trustee
401 Main Street, Suite 1100
Peoria, IL 61602

Don Bauer
11769 N. 200th Street
Altamont, IL 62411

*Thomas A. Hill*
Thomas A. Hill

Barry M. Barash (ARDC Reg. #108928)
Jamie L. Ross (ARDC Reg. #6257634)
Thomas A. Hill (ARDC Reg. 6280216)
Barash & Everett, LLC
Plaintiff's Attorneys
256 South Soangetaha Road, Suite 108
PO Box 1408
Galesburg, IL 61402-1408
Telephone:   309/341-6010
Fax:              309/341-1945
Email: barashb@barashlaw.com