E-FILED
Wednesday, 18 May, 2005  03:29:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| IN RE<br><br>PATRIOT SEED, INC.<br><br>　　　　　Debtor | Chapter 7<br>No. 03-84217 |
| RICHARD E. BARBER, Trustee<br><br>　　　　　Plaintiff<br><br>　vs.<br><br>DON BAUER<br><br>　　　　　Defendant | Adversary<br>No. 03-08277 |

**PLAINTIFF-COUNTERCLAIM DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS DEFENDANT-COUNTERCLAIM PLAINTIFF'S UNJUST ENRICHMENT AND DEFAMATION COUNTERCLAIMS**

## Federal Law

The issue of whether a federal court should dismiss a complaint for failure to state a claim upon which relief can be granted is a question of federal law, for dismissal is a procedural device. *Sheldon v. Munford, Inc.*, 660 F. Supp. 130, 133 (N.D. Ind. 1987). If it clearly appears from the complaint that on the facts pleaded the plaintiff will not be entitled to any relief, a motion to dismiss the claim is proper. *Foshee v. Daoust Const. Co.*, 185 F.2d 23, 25 (7th Cir. 1950); Fed. R. Civ. P. 12(b)(6).

## Illinois Law

To state a cause of action upon a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates fundamental principles of justice,

equity, and good conscience.  *State Farm General Insurance v. Stewart*, 288 Ill.App.3d 678, 691, 681 N.E.2d 625, 633, 224 Ill.Dec. 310, 318 (1997).

Anything said or written in a legal proceeding, including pleadings, is protected by an absolute privilege against defamation actions, subject to the qualification that the words be relevant or pertinent to the matters in controversy.  *Defend v. Lascelles*, 500 N.E.2d 712,  714, 149 Ill.App.3d 630, 633, 102 Ill.Dec. 819, 821 (1986); *Libco Corp. v. Adams*, 100 Ill.App.3d 314, 55 Ill.Dec. 805, 806, 426 N.E.2d 1130, 1131 (1981); *Sheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994).

## Argument

There has been no unjust enrichment:  The defendant-counterclaim plaintiff ("the defendant") does not allege that the plaintiff-counterclaim defendant ("the plaintiff") has been unjustly enriched; he merely alleges that the plaintiff is attempting to become unjustly enriched.  And in any case, if the court at some point orders the recovery of a preference, the enrichment will not be unjust.

The averments in the plaintiff's complaint relate to the matter in controversy (i.e., the preference action).  They are, accordingly, privileged communications, which cannot give rise to an action for defamation.

Relief Sought:

The dismissal, pursuant to 12(b)(6), of the defendant's unjust enrichment and defamation counterclaims.

/s/ Thomas A. Hill

One of Plaintiff's Attorneys