## MEMORANDUM IN SUPPORT

Attacks on pleadings, which are commonplace in the state courts, are treated with disdain by the Federal Courts. Under federal practice the motion to strike has given a much narrower application. In general, its use is not favored. <u>Lipsky v. Commonwealth United Corp.</u> 551 F.2d 887, 892-893 (2d Cir. 1976); <u>Abdulrahim v. Gene B. Glick C</u> 612 F. Supp. 256, 260 n. 1 (N.D. Ind. 1985).

The Federal Rules have four provisions to expressly authorize a motion to strike. Rule 11 requires that any unsigned paper shall be stricken unless the defect is cured promptly. Rule 23 (e) authorizes the striking of a pleading in the absence of compliance with an order directing the filing of a more definite statement. Rule 37(b)(2)(C) authorizes the striking of pleadings or parts thereof for a party's failure to comply with a discovery order. Finally, Rule 12 (f) permits the striking of "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." <u>IICLE Federal Civil</u> Practice at page 6-11 (1987). None of the Plaintiff's Motion to Strike Answer to Amended Complaint to Avoid and Recover Preferential Transfer meets the standards set by these Rules.

Respectfully submitted,

*/s/ Don Bauer*
Don Bauer
11769 North 200th Street
Altamont, Illinois 62411
(618) 483-6486