E-FILED
Wednesday, 18 May, 2005  03:48:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| IN RE<br><br>PATRIOT SEED, INC.<br><br>　　　　　Debtor | Chapter 7<br>No. 03-84217 |
| RICHARD E. BARBER, Trustee<br><br>　　　　　Plaintiff<br><br>　vs.<br><br>DON BAUER<br><br>　　　　　Defendant | Adversary<br>No.  03-08277 |

**RESPONSE TO DEFENDANT'S MOTION TO REMAND
AND
REPLY TO THE DEFENDANT'S RESPONSE TO THE PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIMS**

RESPONSE TO MOTION TO REMAND

Bankruptcy judges may, pursuant to 28 U.S.C. § 157(c)(1), hear and determine all cases under Title 11 and all proceedings considered "core" proceedings.  Core proceedings either "arise under" or "arise in" a Title 11 case. 28 U.S.C. §  157(b)(1).  Proceedings that are merely "related to" a Title 11 case are classified as non-core. 28 U.S.C. § 157(b)(3).   A proceeding is core if it "invokes a substantive right provided by Title 11 or . . . by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987); *see also Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233 (7th Cir. 1990)(citing *In re Wood*).  A nonexclusive list of core proceedings is provided in 28 U.S.C. § 157(b)(2).  Preference proceedings are among those listed.  *See* 28 U.S.C. § 157(b)(2)(F).  Consequently, a bankruptcy judge has authority to hear and determine this preference case.

REPLY TO THE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

The defendant's unjust enrichment and defamation counterclaims are not core matters, as they might have arisen outside the context of a bankruptcy. A judge may hear a non-core proceeding that is "related to" a case under Title 11, but absent the consent of both parties, he may not issue a final order; he may only submit findings of fact and conclusions of law to the district judge. 28 U.S.C. § 157(c)(1).

While is isn't perfectly clear whom the defendant is attempting to sue, it's probably the case that he's trying to sue Patriot Seeds, Inc., the debtor, or the trustee in his official capacity. If this is the case, the assets of the estate are vulnerable to recovery. *See Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 529 (6th Cir. 1990); *In re Markos Gurnee Partnership*, 182 B.R. 211 (N.D. Ill. 1995). His counterclaims are therefore "related to" the bankruptcy case, for, as was stated in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), if the outcome of the proceedings could conceivably have an effect on the estate being administered, the bankruptcy judge will have "related to" jurisdiction. The bankruptcy judge, thus, may hear the case and present his findings and conclusions to the district judge.

**PROOF OF SERVICE**

      I certify that on August 30, 2004 I mailed a copy of this document to the following party, who is not registered under the electronic filing system:

    Don Bauer
    11769 N. 200th St.
    Altamont, IL 62411

                                        /s/ Thomas A. Hill

Barry M. Barash (ARDC Reg. #108928) and
Thomas A. Hill (ARDC Reg. #6280216) of
Barash & Everett, LLC
Plaintiff's Attorneys
256 South Soangetaha Road, Suite 108
PO Box 1408
Galesburg, IL 61402-1408
Telephone:   309/341-6010
Fax:          309/341-1945
E-Mail: barashb@barashlaw.com