UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS - PEORIA

FILED

TIME _____

DEC 2 3 2004

HARDIN W. HAWES, Clerk
U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

```
================================
RICHARD BARBER               . Case #03-8277
            Plaintiff,       .
     vs.                     . Peoria, Illinois
                             .
DONALD W. BAUER              . November 22, 2004
            Defendant        . 19:14 a.m.
================================
```

**TRANSCRIPT OF HEARING ON DEFENDANT'S MOTION TO RECONSIDER
PLAINTIFF'S MOTION TO STRIKE ANSWER TO AMENDED COMPLAINT;
DEFENDANT'S MOTION TO RECUSE JUDGE WILLIAM V. ALTENBERGER;
DEFENDANT'S MOTION FOR DEFAULT JUDGMENT
BEFORE THE HONORABLE WILLIAM V. ALTENBERGER, J.U.S.B.C.**

APPEARANCES:

For the Plaintiff:                    THOMAS HILL, ESQ.
                                      P.O. Box 1408
                                      Galesburg, IL  61402

For the Defendant:                    DONALD W. BAUER, *Pro Se*
                                      11769 N. 200th Street
                                      Altamont, IL  62411


Electronic Sound Recording Operator:   Elly Kinney

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Federally Certified Transcription Service

---

**GCI TRANSCRIPTION SERVICES**
**210 Bayberry Avenue**
**Egg Harbor Township, NJ  08234-5901**
1-609-927-0299     FAX 1-609-927-6420     1-800-471-0299
e-mail - irwingloria@comcast.net

```
 1  (At Tape #1, Lanier Index #448; Sony Index #792. 9:14 a.m.)
 2          CLERK:  Case #03-8277, Richard Barber versus Don
 3  Bauer.  Appearances, please.
 4          MR. HILL:  Tom Hill, for the Trustee.
 5          MR. BAUER:  Don Bauer, pro se.  Good morning, Judge.
 6          THE COURT:  Good morning, Mr. Bauer.  You want to
 7  call up the motion --
 8          CLERK:  Yes.  (Pause) (unclear)  first, Judge.
 9          THE COURT:  No, do the motion to recuse.  Okay.
10  There it is.
11      (Pause)
12          THE COURT:  Okay.  Mr. Bauer, we're on your motion
13  for having me recuse myself.  What -- do you have anything you
14  want to say in support of that motion?
15          MR. BAUER:  Yeah, it would have to be heard by
16  another Judge, Your Honor.
17          THE COURT:  Why?
18          MR. BAUER:  I'd call the case history I Shepardized a
19  long time ago.
20          THE COURT:  I'm sorry.  What?
21          MR. BAUER:  You can't sit on your own case of recusal
22  when an affidavit's filed with it, and so I believe it has to
23  be heard by another Judge.
24          THE COURT:  What has to be heard?  This motion or the
25  case?
```

1          MR. BAUER:  This motion.  Oh, yeah, the motion will
2  have to be heard by another Judge, yes, before we go any
3  further.
4          THE COURT:  Mr. Hill, do you have any --
5          MR. HILL:  I don't believe that's the case, Your
6  Honor.  I don't know of any case law that supports that
7  proposition.
8          THE COURT:  Yeah, I don't think that's right.
9          MR. BAUER:  They're --
10         THE COURT:  A recusal --
11         MR. BAUER:  They're --
12         THE COURT:  Mr. Bauer, a recusal by its very
13 definition is that I'm going to step down in the case, and
14 that's different from having some other Judge say that I'm
15 not -- I'm not in a position to hear this case.
16         MR. BAUER:  Well, maybe the title's wrong.  I'm
17 asking you to, or I'm demanding you do so because --
18         THE COURT:  Do what?
19         MR. BAUER:  To step off this case.
20         THE COURT:  So you want me -- you want me to recuse
21 myself.
22         MR. BAUER:  Or I'm going to forcely [sic] have you
23 recused.  I don't know.
24         THE COURT:  Well, I --
25         MR. BAUER:  What -- if you want to --

```
 1              THE COURT:  All right.
 2              MR. BAUER:  You say that wording's not correct.
 3              THE COURT:  Well, if you want me to recuse myself,
 4   then you have to show grounds why I should step aside.  Now
 5   that's a different procedure than if you go to another Judge
 6   and ask that Judge to take the case away from me.  That's an
 7   altogether different -- different procedure that we're looking
 8   at, and the only thing you filed is a motion for me to recuse
 9   myself, so you need to tell me why I need to recuse myself.
10              MR. BAUER:  Because you threatened me from the bench,
11   and I don't take kindly to anybody that threatens me,
12   especially the man who uses his power to do so.
13              THE COURT:  All right.  Anything else?
14              MR. BAUER:  I have an affidavit and everything's
15   there --
16              THE COURT:  Okay.
17              MR. BAUER:  -- and if I have to, I'll take it to
18   Judicial Review, because it's administrative proceeding, and
19   see if it stands muster there.
20              THE COURT:  Well, all right.  Mr. Hill, anything?
21              MR. HILL:  I -- we oppose the motion, Your Honor.
22   The Trustee believes there are no grounds for your -- your
23   recusal.  Section 455 of Title 28 provides the circumstances in
24   which a Bankruptcy Judge should disqualify himself.  First
25   he'll -- he shall do that when he's not impartial, and, two, he
```

shall do that when he's got a personal bias. I don't believe either of those circumstances is the case here. So the Trustee opposes the motion.

THE COURT: Okay.

(Pause)

THE COURT: Okay. I am going to deny the motion, Mr. Bauer. One of my responsibilities in conducting the hearing is to -- conducting a hearing on adversary proceedings is to make sure that they are conducted according to the rules, and one of the rules is that -- that pleadings must be filed in good faith, and they can't be baseless. And I went back, and I reviewed the record of the hearing that we had previously, and all I did in that case is to caution you that there are rules there about baseless denials. I did not require you to admit or deny any pleading. All I did was call to your attention the fact that if there is a baseless denial, it's possible that sanctions could be imposed.

And after calling that to your attention and cautioning you I went on to tell you that you were free to admit or deny whatever you wanted in the complaint, and that doesn't amount to a threat. What that does is merely put you on notice that there is a possibility that you were not -- there's a possibility that you might be filing a baseless pleading, and I think that any Court that would review this proceeding, and if, and I say if sanctions were imposed for

 1  your filing a baseless pleading, I think any Court would want
 2  me to have put you on notice or have given you a warning to
 3  begin with, rather than just coming out unexpectedly and
 4  applying sanctions.
 5         There's -- there is no -- no threat involved. It was
 6  just merely a matter of my calling to your attention the fact
 7  of what the rules provide for, and you -- you're free, as I
 8  indicated before, to admit or deny anything you want in the
 9  complaint, but -- so I don't think that the fact that I'm doing
10  my job and -- and performing my responsibilities in -- in
11  conducting the hearing in accordance with the rules and calling
12  these rules to your attention amounts to any kind of prejudice
13  that would justify my recusing myself. So that motion is
14  denied.
15         Now let's then start with number one, Tammy. Let's
16  see what that is. There's the motion to reconsider -- there it
17  is, #73.
18     (Pause)
19         THE COURT: Okay. Mr. Bauer, what do you have to say
20  in support of this motion?
21         MR. BAUER: When you, what I call a threat last time,
22  you said I couldn't use the Rule 8 or I could use lack of
23  knowledge or information. You said I had to do -- admit or
24  deny, use what the rule said, and I think I answered the
25  complaint. I stand on my answer as is.

1       When it comes, you say, to sanctions when somebody
2  files a baseless -- baseless complaint when it comes down the
3  road and they find out that there's never a -- there was never
4  a -- if there was any type of transfer, it was done in secret
5  like a fraudulent conveyance in order to bring a case in this
6  court, now that's what I would call sanctionable, and the other
7  I will play out before this is over with.
8       THE COURT:  Okay.  Mr. Hill, what --
9       MR. HILL:  Your Honor, the Trustee believes that your
10 order granting the Trustee's motion to strike is correct.  The
11 defendant must either admit or deny the allegations in the
12 complaint, and you'll see that he does neither.  You can deny
13 the allegation on the basis you have -- you don't have enough
14 information, but that's not what he does.
15      THE COURT:  So if he -- if he denies an -- if he
16 denies the allegation based upon the fact that he doesn't have
17 enough information and knowledge, that's sufficient as far as
18 you're concerned?
19      MR. HILL:  That's my interpretation of Rule 8(b).  I
20 believe I have a copy of it here.
21      THE COURT:  I'm looking at Rule 8(b) here, yeah, and
22 you don't want to do that, Mr. Bauer, is that correct?
23      MR. BAUER:  Do what?
24      THE COURT:  Admit or deny -- deny the allegation
25 based upon the fact that you're without knowledge or

1  information.
2          MR. BAUER:  I said I did that.  I did that, and you
3  said I couldn't do that.
4          THE COURT:  Wait.  Pull up the -- go back to the
5  answer he filed.
6      (Pause)
7          THE COURT:  Well, looking at the -- at the answer you
8  filed, Mr. Bauer, you say you cannot admit or deny the
9  allegations, and according to the Trustee, his interpretation
10 of Rule 8 is what he thinks you should have said is that you
11 deny the allegations because you do not have sufficient
12 information or knowledge.
13         MR. BAUER:  I say that in there, don't I.
14         THE COURT:  Well, you say you cannot admit or deny.
15 You can't do either one.  He --
16         MR. BAUER:  Because I -- I'm without sufficient
17 knowledge.  That says it right in my answer.
18         THE COURT:  Well, you want to -- the Trustee's asking
19 you to deny the allegation based upon the fact that you don't
20 have sufficient information or knowledge.  Are you telling me
21 you can't do that?
22         MR. BAUER:  I said, "...and, therefore, I deny it."
23 Read -- read my answer.  It says right, therefore, it's denied.
24 Can't admit or deny, they're so denied by law.  Rule 8 says
25 that if you read Rule 8.

03-8277                                                    11-22-04

```
 1            THE COURT:  Well, I don't see where you say
 2   therefore, you deny it.  I'm looking at Paragraph 3 of your
 3   answer.
 4       (Pause)
 5            MR. BAUER:  And I say, "I demand strict proof
 6   thereof," right.  Now down further -- which one are you on?
 7            THE COURT:  I don't -- we're not on the same page
 8   here, Mr. Bauer.  I'm looking at Paragraph 3 --
 9            MR. BAUER:  Three?
10            THE COURT:  -- of your answer.  It says:
11            "The defendant, Don Bauer, cannot admit or deny the
12            allegations in Paragraph 3 since he is without
13            knowledge or information sufficient to form a belief
14            as to the truth of the statements and, therefore,
15            demands strict proof thereof.  Further, the summons
16            for this adversary is the first notice to this
17            defendant of any legal proceedings filed by the
18            plaintiff."
19            MR. BAUER:  Right.
20            THE COURT:  So --
21            MR. BAUER:  You want a direct denial then?
22            THE COURT:  Well, that's what the Trustee --
23            MR. BAUER:  But doesn't the rule say I can admit or
24   deny, and if I can't, the rule says that's taken as denial?
25   That's what the Rule 8 said.
```

```
 1            THE COURT:  Well, where does it say that?
 2            MR. BAUER:  I don't have a copy.  Do you have a copy?
 3  If you have your book, I;'ll read it to you.
 4            MR. HILL:  I just have the Bankruptcy Rules, the
 5  Federal Rules of Civil Procedure.
 6            MR. BAUER:  That's Federal Rules.  That's what you're
 7  going by.
 8            MR. HILL:  Yeah, but the --
 9            MR. BAUER:  It's the same.
10            MR. HILL:  The Bankruptcy Rule refers to the Federal
11  Rule.  You can --
12            MR. BAUER:  Oh, you don't have the Federal Rule in
13  here -- the --
14            THE COURT:  I'm looking at Rule 8.
15            MR. BAUER:  Hey, I have it.
16       (Pause, low-voiced mumbling)
17            MR. BAUER:  (Reading -- difficult to understand
18  because of mumbled nature of speech)
19            "If a party in (b) is without knowledge or
20            information sufficient to form a belief of the truth
21            (unclear)  the party shall so state, and this has the
22            effect of a denial."
23  I can't get much plainer than that.
24            THE COURT:  All right.  Mr. Hill, what about that?
25            MR. HILL:  I believe it needs to be stated in the
```

1  complaint that the lack of information is the basis of the
2  denial, that it is in fact a denial.
3          MR. BAUER:  Number one, this is -- this is not a
4  complaint.  It's an answer.
5          THE COURT:  Well, 8(b), where that language comes
6  from, has to do with answers, doesn't it?  Form of denials,
7  defenses, form of denials?  That's (b).
8          MR. BAUER:  Say what?
9          THE COURT:  I said doesn't the language that you just
10 cited or quoted, doesn't that come from 8(b) which has to do
11 with defenses?
12         MR. BAUER:  Yes, but this is not the complaint.  This
13 is the answer.  Okay?
14         THE COURT:  That's right.  That's what --
15         MR. BAUER:  This is the answer.
16         THE COURT:  -- we're talking about.
17         MR. BAUER:  Right.
18         THE COURT:  Yeah.
19         MR. BAUER:  I'm just saying it's not the complaint.
20 Okay?
21      (Pause)
22         THE COURT:  Okay.  Let's move on to the other motion
23 then, and we'll see what that's about.
24      (Pause)
25         THE COURT:  Okay.  Can you elaborate and tell me, Mr.

1  Bauer, just exactly what happened here and why you think you're
2  entitled to a default judgment?
3          MR. BAUER:  Just as the motion says.  The time has
4  passed.  It has expired.  From the time the order was entered
5  there was a -- they asked for dismissal, and it was overruled
6  or denied, and they haven't asked time to extension of any time
7  to plead.  The rule says 21 days on counterclaims, and that
8  time has --
9          THE COURT:  So you filed an answer and a
10 counterclaim, is that correct?
11         MR. BAUER:  Mmhmm, yes, and they tried to dismiss the
12 counterclaim, and you denied -- argued on September 15th and --
13         THE COURT:  Okay.
14         MR. BAUER:  -- denied on September 22nd.  That 21
15 days has passed, and I think I mailed this up here November
16 1st, and that was long after 21 days had passed, and they still
17 hadn't answered.  They never asked for extension of time to
18 leave, no leave of court to -- to file --
19         THE COURT:  So I let your counter -- I let your
20 counterclaim stand, and they did not answer.
21         MR. BAUER:  Right.
22         THE COURT:  So now that they haven't answered, you
23 want a default on your counterclaim.
24         MR. BAUER:  Correct.
25         THE COURT:  Is that correct?

1         MR. BAUER: They haven't asked time -- leave of Court
2    to even file anything.
3         THE COURT: Okay. And, Mr. Hill, what's your
4    response to that?
5         MR. HILL: Well, there were six or seven matters last
6    time, as you'll remember, and it was difficult to get a hold of
7    (unclear). Bauer's motion alerted me to the absence of an
8    answer. I was never ordered to answer after the -- our motion
9    to dismiss was denied. As soon as I found out that an answer
10   hadn't been filed, I went ahead and filed one.
11        MR. BAUER: But that was past the time without leave
12   of court. Yes, there's rules, *Federal Rules*, which the
13   *Bankruptcy Rules* are supposed to go by, the *Federal Rules*.
14        THE COURT: Okay. What's the rule that you're
15   relying on, Mr. Bauer?
16        MR. BAUER: Twenty-one days in counterclaim.
17        THE COURT: Well, for him to file a response to your
18   counterclaim.
19        MR. BAUER: It's -- it's in the *Federal Rules*.
20        THE COURT: Okay. What rule is that?
21        MR. BAUER: On -- haven't looked it up for awhile.
22   (unclear mumbling) (Pause) Should be in 12. I'm trying to
23   find it.
24        THE COURT: Okay.
25        MR. BAUER: Twenty days it has to be served with a

1 summons and complaint.  I think there's a 21 on the
2 counterclaim (mumbling) -- (long pause) I can't find it.  I
3 thought it was 21 days, really, Your Honor, but I don't see it.
4     (Pause, mumbling)
5          MR. BAUER:  I know they don't have forever.  (Pause,
6 mumbling)  The only thing I think -- well, so far it's
7 12(a)(2), it talks about 20 days --
8          THE COURT:  That's what I'm looking at, yeah.
9          MR. BAUER:  -- and I -- I thought it was 21, tell you
10 the truth.
11          THE COURT:  Okay.  Well, the important thing is that
12 you're relying on Rule 12, is that --
13          MR. BAUER:  I believe that's true, yes.
14          THE COURT:  Okay.
15          MR. BAUER:  That's the only thing I can find right
16 now.  I know state court's 21 days for a counterclaim.  I just
17 thought the federal was, too.  I didn't realize, but it's
18 (unclear mumble) 20 days.
19     (Pause)
20          THE COURT:  And, Mr. Hill, you say you have filed
21 a --
22          MR. HILL:  Yeah, we -- the Trustee has filed an
23 answer.
24          THE COURT:  Okay.
25          MR. BAUER:  But that was afterwards without leave of

1  court after I filed my motion.
2       THE COURT: Okay. Off the record just a minute.
3       (Off the record at Tape #1, Index #1382. 9:40 a.m.)
4                          * * * * *
5       (On the record at Tape #1, Index #1383. 9:41 a.m.)
6       THE COURT: Motion to reconsider, you were relying on
7  Rule 8(b), is that correct, Mr. Bauer?
8       MR. BAUER: Well, 8(b) or, well, Rule 8, yes. Rule 8
9  in its entirety, as far as far as that's concerned.
10      THE COURT: Well, yeah, but --
11      MR. BAUER: 8(b) is specific about it
12      THE COURT: -- but the language that you quoted to me
13 earlier this morning was 8(b), is that not correct?
14      MR. BAUER: Yeah, because 8(a) is really for the
15 complaint.
16      THE COURT: That's correct, yeah. Okay. All right.
17 As far as the motion to reconsider, I am going to allow that
18 and direct that in accordance with Rule 8(b) direct that
19 anywhere in the answer that Mr. Bauer has -- has filed where
20 there is language that he does not have information or
21 knowledge sufficient to form a belief as to the truth of the
22 pleading or the allegation, that in accordance with Rule 8(b)
23 that is to stand as a denial because that's what he's done.
24      Okay. So from here on in, Mr. Hill, you can consider
25 that any place that appears in his answer that to be construed

 1  as a denial.  All right.
 2         As far as the motion for a default judgment, I'm
 3  going to deny that.  Looking at Rule 12, it does talk about a
 4  answer to a counterclaim being filed within 20 days, not 21
 5  days, but that's an insignificant difference.  There was no
 6  answer filed within 20 days, but I don't think that that rule
 7  is -- is absolute.  I think cases like to be decided on the
 8  merits.  An answer has been filed.  I'm going to let it stand,
 9  and, Mr. Bauer, I will give you -- how much time do you want to
10  file a reply if you want to file one?
11         MR. BAUER:  To his --
12         THE COURT:  To his answer.  He filed a complaint --
13         MR. BAUER:  Yeah, okay.  He filed.  Okay.
14         THE COURT:  He filed an answer.
15         MR. BAUER:  Now you're going to -- you're going to
16  allow the filing of it without leave of court or anything, or
17  is he asking for leave here today?
18         THE COURT:  That's correct.  That's correct.  I'm
19  going to allow the filing of the answer that's been filed.  Now
20  how much time do you want to file a reply to what he's filed if
21  you want to or need --
22         MR. BAUER:  Three weeks.
23         THE COURT:  How much?
24         MR. BAUER:  Three weeks.
25         THE COURT:  Okay.  That's 21 days.  All right.

1  You'll have 21 days to file any -- any kind of reply that he
2  wants, and, again, and the basis of that ruling is that when
3  the previous order was entered, there was no time prescribed
4  for filing any kind of a additional pleading; and, as I said, I
5  think courts generally like cases decided on their factual
6  merits rather than on procedural points, and I don't think that
7  there's any harm that will accrue to you, Mr. Bauer, by letting
8  the answer stand, by being filed late.  You'll still --
9           THE COURT:  But I --
10          MR. BAUER:  You still have your day in court, and you
11 can --
12          MR. BAUER:  Okay.
13          THE COURT:  -- you can present whatever evidence you
14 want.
15          MR. BAUER:  But I sped the plow up a little bit and
16 got him to file something.  Okay.
17          THE COURT:  I'm sorry?  What?
18          MR. BAUER:  I sped the plow up a little bit and got
19 him to file something.  Okay?
20          THE COURT:  Well, that's -- that's certainly your
21 right.
22          MR. BAUER:  Okay.
23          THE COURT:  Well, with that, we'll go off the record.
24 There's nothing else, is there?
25          MR. BAUER:  No.

```
1        THE COURT:  Okay.

2        CLERK:  Did you want us to prepare orders?

3        THE COURT:  Yes, I think you better, yeah.

4   (Off the record at Tape #1, Index #1544.  9:46 a.m.)

5                * * * * * * * * * * *

6        I certify that the foregoing is a true and accurate

7   transcript from the electronically sound recorded record of the

8   proceedings.
```

_____     12/17/04
TARA MARTIN, for                    Date
GCI TRANSCRIPTION SERVICES
Certified Transcriber NJ AOC200
      Federal CERT #122
210 Bayberry Avenue
Egg Harbor Township, NJ 08234-5901
609-927-0299  1-800-471-0299
     FAX 609-927-6420
e-mail irwingloria@comcast.net