UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Case No. 03-84217 |
| PATRIOT SEEDS, INC. | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| RICHARD E. BARBER, not personally, but | ) | |
| as Chapter 7 trustee for the debtor | ) | Adv. Proc. No. 03-08277 |
| | ) | |
| Plaintiff-Counter Defendant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DON BAUER | ) | |
| | ) | |
| Defendant-Counter Plaintiff | ) | |

## PLAINTIFF'S PRETRIAL STATEMENT

### NOTE TO COURT

The sections that Don Bauer, the counter plaintiff, has sent to the counter defendant have been retyped and placed in this document. The counter defendant, however, removed certain facts from the joint facts section. This revised document has not been signed by the counter plaintiff.

### FOR COUNTER PLAINTIFF

**1.  A Brief Statement of the Theory of Each Cause of Action.**

    a.  That the Counter Defendant made a fake transfer of their seed corn to enrich themselves under the Bankruptcy laws.

**2.  A Brief Summary of the Plaintiff's Contentions of Facts in Support of the Cause of Action and the Evidence to be Relied upon to Establish Each of the Facts Contended.**

    a.  That the Counter Defendant moved, via their employees and/or agents, some seed corn from one of the Counter Defendant's warehouses to another one of the Counter Defendant's warehouses and concealed the move from the Counter Plaintiff and claimed to the Bankruptcy Court a transfer was made. In establishing the facts, Counter

Plaintiff will rely upon (1) Counter Defendant's own records and lack of any records, (2) the testimony of Counter Plaintiff, (3) the testimony of Woodrow Cheesman, Debtor's CEO, (4) the Counter Defendant's production of documents, (5) Counter Defendant's answers to interrogatories.

**3.     A Brief Statement of the Theory of Second Cause of Action**

a.     That the Counter Defendant made a fake transfer of their seed corn to enrich themselves under the Bankruptcy laws.

b.     That the Counter Defendant brought a claim for the said fake transfer against the Counter Plaintiff knowing the transfer was a fake.

**4.     A Brief Summary of the Counter Plaintiff's Contentions of Facts in Support of the Second Cause of Action and the Evidence to be Relief upon to Establish Each of the Facts considered.**

a.     That the Counter Defendant moved, via their employees and/or agents, some seed corn from one of the Counter Defendant's warehouses to another one of the Counter Defendant's warehouses and concealed the moved from the Counter Plaintiff and claimed to the Bankruptcy Court a transfer was made.  In establishing the facts, Counter Plaintiff will rely upon (1) Counter Defendant's own records and lack of any records, (2) the testimony of Counter Plaintiff, (3) the testimony of Woodrow Cheesman, Debtor's CEO, (4) the Counter Defendant's production of documents, (5) Counter Defendant's answers to interrogatories.

**FOR DEFENDANT**

**1.     A Brief Statement of the Defense(s), Including the Theory of Each Defense.**

a.     The counter plaintiff has not stated a claim upon which relief can be granted.  He argues that the counter defendant attempted to unjustly enrich himself (or the estate, probably) under the bankruptcy laws, but he does not allege that the counter defendant has, in fact, become enriched.  Additionally, the counter plaintiff has not pleaded with the particularity required by Federal Rule 9(b).

b.     The defamation counterclaim, which isn't mentioned in the counter plaintiff's portion of this pretrial statement, must fail because the allegations in a complaint (as long as they relate to the matter in controversy) are a privileged communications which cannot give rise to an action for defamation.

**2.     A Brief Summary of the Defendant's Contentions of Facts in Support of the Defense(s), and the Evidence to be Relied Upon to Establish Each of the Facts Contended.**

a.     The counter defendant has not become unjustly enriched and is not attempting to become unjustly enriched.  The counter defendant is not seeking to extort money from the defendant, and the counter plaintiff has not been damaged to the extent that he claims he has.  In establishing these facts, the counter defendant will rely on his own testimony, the testimony of his attorneys, the testimony of Don Bauer, and the testimony of agents of the debtor.

  b. The allegations in the counterdefendant's complaint relate to the matter in controversy and are therefore privileged communications that cannot give rise to an action for defamation.

## FOR ALL PARTIES

**1. Unconstested Facts.**

  a. Counter Defendant had a relationship whereby Counter Defendant would supply seed corn to Counter Plaintiff for resale.

  b. In July 2003, Counter Defendant owed Counter Plaintiff an account balance.

  c. That on September 4, 2003, Counter Defendant filed a petition under Chapter 11.

  d. That on March 16, 2004, the Chapter 11 petition was converted to a Chapter 7.

  e. That the Counter Defendant filed an Amended Complaint to Avoid and Recover Preferential Transfer on or about May 26, 2004.

**2. Each Party's Brief Statement of Contested Facts.**

### For Counter Plaintiff

  a. The Counter Defendant has denied, or has insufficient knowledge to all allegations except Counter Defendant admits Counter Plaintiff has demanded a jury trial.

### For Defendant

  b. See above

**3. Each Party's Brief Statement of Contested Legal Issues.**

### For Counter Plaintiff

  a. Whether the concealment of Counter Defendant's moving, via their employees and/or agents, some seed corn from one of the Counter Defendant's warehouses to another one of the Counter Defendant's warehouses, claiming it was transferred to Counter Plaintiff amounts to conversion by Counter Defendant for purposes of unjust enrichment.

  b. Whether the Counter Defendant's conduct was done with evil motive or done with reckless indifference to the rights of Counter Plaintiff.

**For Counter Defendant**

    a.    Whether a cause of action for attempted unjust enrichment exists.

    b.    Whether allegations in a complaint which relate to the matter in controversy are privileged communications that cannot give rise to an action for defamation.

/s/ Thomas A. Hill
One of Plaintiff's Attorneys