**E-FILED**
Wednesday, 01 June, 2005  11:20:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE ) | |
| ) | |
| PATRIOT SEEDS, INC. ) | |
| ) | |
| Debtor ) | |
| _____ ) | |
| ) | |
| RICHARD E. BARBER, not personally, ) | |
| but as Chapter 7 trustee for the debtor ) | Case No. 05-1149 |
| ) | |
| Plaintiff-Counter Defendant ) | |
| ) | |
| vs. ) | |
| ) | |
| DON BAUER ) | |
| ) | |
| Defendant-Counter Claimant ) | |

PLAINTIFF-COUNTER DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION
FOR JUDGMENT ON THE PLEADINGS

Statement of the Case

Patriot Seeds, Inc., the debtor, filed a voluntary petition under chapter 11 on September 4, 2003.  On November 11, 2003, the debtor, acting as debtor in possession, filed a complaint against Don Bauer for recovery of a prepetition payment.   On March 16, 2004, the case was converted to chapter 7 and Richard E. Barber was named chapter 7 trustee.  On May 26, 2004, the trustee amended the complaint against Bauer.  On July 22, 2004, Bauer filed an answer to the amended complaint and two counterclaims--one alleging unjust enrichment, one alleging defamation--in each case seeking, among other things, judgment against "the Plaintiff" in the amount of $500,000.00.  On November 15, 2004, an answer to the counterclaims was filed by the trustee in his capacity as representative of the estate.

On April 28, 2005, the trustee dismissed his preference action without prejudice.  On

May 5, 2005, Bauer's unjust enrichment counterclaim was dismissed by the bankruptcy judge.

On May 9, 2005, Bauer's defamation counterclaim was transferred to this district court.

Though in his pleadings Bauer alleges that he has been injured by the misconduct of

many parties (the debtor, the trustee, the attorneys of the debtor and the trustee), his claim has

only one logical defendant: the trustee, not personally, but *ex officio*, damages to be paid out of

the assets of the estate, for the claim has as its basis the prosecution of the preference action.  As

Bauer alleges in the fourth paragraph of his second counterclaim, "[I]t is well known that every

action brought is reported to Credit Agencies across the nation, and that said reporting of this

case damages the defendant's reputation beyond repair."   So the pleadings themselves are the

communications on which Bauer bases his defamation counterclaim, and because these were

filed by the trustee within the scope of his employment, the counterclaim is against him as

representative of the bankruptcy estate.

## Jurisdiction

 Title 28 U.S.C § 1334 grants the district courts jurisdiction over all civil proceedings

"arising under title 11 or arising in or related to a case under title 11."  Bauer's counterclaim

arose in *Patriot Seeds, Inc*., 03-84217, a case under title 11.

## Federal Law

The application of Rule 12(c) is a matter of federal procedural law.  *In re*

*Bridgestone/Firestone, Inc.*, 200 F.Supp.2d 997, 998 (S.D. Ind. 2002); *see*, *e.g.*, *Blaz v. Michael*

*Reese Hospital Foundation*, 74 F.Supp.2d 803 (N.D. Ill. 1999).  A 12(c) motion for judgment on

the pleadings (when it is not brought in place of a motion for summary judgment) invokes the

same standard as a 12(b)(6) motion to dismiss.  *United States v. Wood*, 925 F.2d 1580, 1581 (7th

Cir. 1991); *Alexander v. City of Chicago*, 994 F.2d 333, 335 (7th Cir. 1993).  If the court

determines that the plaintiff will be entitled to no relief on the facts pleaded, dismissal is proper.

*Foshee v. Dauost Const. Co.*, 185 F.2d 23, 25 (7th Cir. 1950).

Illinois Law

Anything said or written in a legal proceeding, including pleadings, is protected by an

absolute privilege against defamation actions, subject to the qualification that the words be

relevant or pertinent to the matter in controversy.  *Defend v. Lascelles*, 500 N.E.2d 712, 714, 149

Ill.App.3d 630, 633, 102 Ill.Dec. 805, 806, 426 N.E.2d 1130, 1131 (1981); *Sheib v. Grant*, 22

F.3d 149, 156 (7th Cir. 1994).

Argument

The allegations in the trustee's complaint relate to the matter in controversy (i.e., the

alleged preference).  They are, accordingly, privileged communications, which cannot give rise

to an action for defamation.  Consequently, Bauer cannot recover on the facts he pleaded, and

judgment on the pleadings is proper.

Relief Sought:

Judgment on the pleadings in favor of the counter defendant.

/s/ Thomas A. Hill
One of the Counter Defendant's Attorneys

Barry M. Barash (ARDC Reg. #108928) and
Thomas A. Hill (ARDC Reg. #6280216) of
Barash & Everett, LLC
256 South Soangetaha Road, Suite 108
PO Box 1408
Galesburg, IL 61402-1408
Telephone:    309/341-6010
Fax:          309/341-1945