E-FILED
Wednesday, 06 July, 2005 11:21:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
JUL 6 - 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In re:  Patriot Seeds Incorporated            )
                                              )
        Debtor                                )
_____       )
                                              )
Patriot Seeds Incorporated                    )
                                              )
        Plaintiff-Counter Defendant           )
                                              )
                                              )
vs.                                           )   Case number 05-1149
                                              )
                                              )
Don Bauer                                     )
                                              )
        Defendant-Counter Plaintiff           )

## DEFENDANT-COUNTER PLAINTIFF RESPONSE TO PLAINTIFF-COUNTER DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW the defendant-counter plaintiff, Don Bauer, with his response as captioned above and in support deposes and states:

1. That the defendant-counter-plaintiff is counter claiming the plaintiff- counter-defendant.

2. That it appears the plaintiff-counter-defendant is claiming absolute privilege based on that their filings are relevant, pertinent, or bear some relation to the subject in controversy, with no proof thereof.

3. That the plaintiff-counter-defendant has filed vexatious litigation without probable cause and are there for not protected by absolute privilege and in support states the following facts:

   a. That attached hereto, marked as Exhibit A, and expressly incorporated herein, is a affidavit of the defendant-counter-plaintiff.

   b. That on or about July 31, 2003, the personnel that allegedly transferred seed were all paid employees of Patriot Seeds Inc. (Bryce Rupert depo. At page 17 L. 9-23, page 22 L. 4-21).

   c. That the alleged transfer of seed corn went from one Patriot Seeds Inc. warehouse to another warehouse of Patriot Seeds Inc., in an apparent attempt to create a unilateral controversy. (Bryce Rupert depo. At page 8 L. 2-24, page 9 L. 1-24. page 10 L. 1-12

   d. That Patriot Seeds Inc. laid off all its employees on or about August 2, 2003. (Bryce Rupert depo. Page 17 L. 16-23)

   e. That Patriot Seeds Inc. never sent a "Year –to-Date Account Activity for Sales Year Ending 31 July 2003 to the defendant-counter-plaintiff stating they transferred seed corn to pay the debt owed to said defendant-counter-plaintiff. Paragraph 4 of Exhibit A.

   f. That the only "Year –to-Date Account Activity for Sales Year Ending 31 July 2003 sent to the defendant-counter-plaintiff by Patriot Seeds Inc., before filing bankruptcy, were dated: 6 September 2002, 6 February 2003. 6 March 2003, 4 April 2003, 7 May 2003, 3 June 2003 and July 4, 2003.

g. That attached as "Plaintiff's Exhibit 1 a "Year –to-Date Account Activity for Sales Year Ending 31 July 2003 dated 1 December 2003 to their "PLAINTIFFS'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT".

h. That interrogatories were answered by the plaintiff-counter defendant, under oath, on or about December 22, 2004, to wit:

> Interrogatory 3, "Name who created Plaintiff's Exhibit 1, attached to your 'PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT" filed on or about August 13, 2004 in this cause, (entitled Year-to-Date Account Activity for Sales Year Ending 31 July 2003) and state their address and date when, where and how was it created?
>
> **RESPONSE:**
>
> Patriot Seeds, Inc.
> Formerly at:
> 208 S. Worrell, Box 97
> Bowen, Ill 62316
> The debtor informed the trustee's attorneys that shipping reports were used to produce account records such as the one referred to by the defendant.

i. That an adversary was filed against this defendant on November 21, 2003.

j. That the "Year –to-Date Account Activity for Sales Year Ending 31 July 2003 dated 1 December 2003 and supposedly created by Patriot Seeds Inc., after their employees were laid off in early August 2003 appears to be untrue

k. That it appears that the "Year –to-Date Account Activity for Sales Year Ending 31 July 2003 dated 1 December 2003 was created after filing a

       lawsuit against this defendant in an attempt to support vexatious litigation.

l. That the attorneys for the plaintiff—counter-defendant knew or should have known there was no probable cause to file suit against this defendant.

m. That without probable cause, there cannot be a controversy to which anything would be relevant, pertinent or bear some relation thereto.

n. That until the plaintiff-counter-defendant proves probable cause; they are not immune from the counterclaim.

o. That because filing a suit without probable cause is vexatious (_Gardner v. Queen Ins, Co. of America,_ **232 Mo. App. 1101, 115 S.W. 2d 4,7.** it is prima facie a defamation of character.

**WHEREFORE,** the defendant-counter-plaintiff, moves this Court to deny the PLAINTIFF-COUNTER DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS and enter any other order against the plaintiff-counter-defendant the Court deems just and fit.

                                     Respectfully submitted,

                                     Donald W. Bauer
                                     11769 North 200th Street
                                     Altamont, Illinois 62411
                                     (618) 483-6486

## CERTIFICATION

Under the penalties of perjury as provided by law, the undersigned certifies tha the statements set forth in this instrument are true and correct, except as to matters therin stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

Dated this 5th day of July 2005.

_Donald W. Bauer_
Donald W. Bauer

# AFFIDAVIT

State of Illinois            )
                             ) s.s.
County of Effingham          )

**Comes now Donald W. Bauer,** sworn under oath with the threat of perjury, and deposes and states the following:

1. That if called as a witness, I could competently testify to the facts stated herein.

2. That I never entered into any agreement, nor was anyone else authorized by me, with the debtor, Patriot Seeds Inc. to accept seed corn for payment of the debt Patriot Seeds Inc. owed me between Friday, June 6, 2003 and Thursday, September 4, 2003.

3. That I never received any seed corn, nor was anyone else authorized by me to receive seed corn, from the debtor, Patriot Seeds Inc. for payment of the debt Patriot Seeds Inc. owed me between, Friday, June 6, 2003, and Thursday, September 4, 2003.

4. That between, Friday, June 6, 2003, and Thursday, September 4, 2003, I was never made aware, neither verbally nor in writing, that the debtor, Patriot Seeds Inc. had supposedly transferred seed corn to me to pay the debt they owed me.

5. That I was never made aware, neither verbally nor in writing, that I could pick up seed corn, that the debtor, Patriot Seeds Inc. had supposedly transferred to me.

Signed and sworn before me this ___4th___ July, 2005.   *Donald W Bauer*

Donald W. Bauer acknowledged this instrument before,

*Susan M Wagoner*
Notary Signature

EXHIBIT A

OFFICIAL SEAL
SUSAN M. WAGONER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/9/08