UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE ) | |
| PATRIOT SEEDS, INC. ) | |
| ) | |
| Debtor ) | |
| ) | |
| RICHARD E. BARBER, not personally, ) | |
| but as chapter 7 trustee for the debtor ) | Case No. 05-1149 |
| ) | |
| Plaintiff-Counter Defendant ) | |
| ) | |
| vs. ) | |
| ) | |
| DON BAUER ) | |
| ) | |
| Defendant-Counter Claimant ) | |

RESPONSE TO COUNTER CLAIMANT'S MOTION TO AMEND

Richard E. Barber, not personally, but as chapter 7 trustee for Patriot Seeds, Inc., by Barry M. Barash and Thomas A. Hill of Barash and Everett, in opposition to the counter claimant's motion to amend his counterclaim, says:

1. The counter claimant has already filed a proof claim arising out of the alleged $2,376.00 debt: claim #225, which includes this amount in addition to 3,000 "Patriot Bucks." (Exs. 1 and 2.)

2. The counter claimant desires to convert this proof of claim to a counterclaim so he can add a claim for exemplary damages of $100,000.00 beyond the bar date.

3. Per Bankruptcy Rule 9006(b)(1), when the prescribed period for an act has expired, the court may in its discretion "permit the act to be done where the failure to act was the result of excusable neglect."

4. The Illinois Supreme Court has held that "punitive or exemplary damages may be

awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359 (1978).

5. On December 1, 2003, the debtor in possession served on the counter claimant a summons and complaint, which alleged that he had received $2,376.00 worth of seed corn and sought recovery of the value of the transfer. (It remains the position of the trustee that the counter claimant was a transferee because he had the right to pick up the seed corn from the warehouse to which it was delivered.). On January 2004, the defendant filed his answer and a fraud counterclaim. On May 28, 2004, the counter claimant filed his $5,376.00 claim (which included $2,376.00 and 3,000 Patriot Bucks). Nothing prevented the counter claimant from tacking on the exemplary damages at this stage. At no point subsequent to the filing of his claim did he encounter evidence of any malice.

6. Regardless of whether the counter claimant's failure to add exemplary damages to his claim was the result of excusable neglect, the court should in the exercise of its discretion deny defendant's motion to add a counterclaim, for their has never been any evidence that would justify any exemplary damages, let alone $100,000.00. There was a period of time when the defendant could have added this claim without evidence, but the defendant did not file it in a timely manner, and he must now explain to the court why, after suing the estate for (1) fraud, (2) unjust enrichment, and (3) defamation, justice requires that he be allowed to turn a claim he already filed into a counterclaim for conversion in order to add exemplary damages.

/s/   Thomas A. Hill
One of the Counter Defendant's Attorneys

<u>PROOF OF SERVICE</u>

I certify that on July 12, 2005, I mailed a copy of this document to the following party by first-class U.S. mail:

    Don Bauer
    11769 N. 200th St.
    Altamont, IL 62411

                                 /s/  Thomas A. Hill

Barry M. Barash (ARDC Reg. #108928) and
Thomas A. Hill (ARDC Reg. #6280216) of
Barash & Everett, LLC
256 South Soangetaha Road, Suite 108
PO Box 1408
Galesburg, IL 61402-1408
Telephone:   309/341-6010
Fax:              309/341-1945
hillt@barashlaw.com