FORM B10 (Official Form 10) (12/03)

| UNITED STATES BANKRUPTCY COURT Central DISTRICT OF Illinois | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** Patriot Seeds Incorporated
**Case Number:** 3-84217

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
Donald W. Bauer a/k/a Don Bauer

**Name and address where notices should be sent:**
Donald W. Bauer
11769 North 200th Street
Altamont, Illinois 62411

**Telephone number:** 618-483-6486

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

[Stamp: 2004 MAY 28 A 10:19 FILED]

**Account or other number by which creditor identifies debtor:** NA

Check here ☐ replaces / ☐ amends — I believe there is one filed in Chap 11 case — a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☒ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other Balance owed for returned seed and notes for sales volume

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:** June 30, 01, 02, 03 and June 9, 03

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 5,376.00 (unsecured) _____ (secured) _____ (priority) 0.00 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle    ☐ Other_____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ 5,376.00 plus
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

The note due for 2003 has been withheld by debtors. See copies of other notes attached.

THIS SPACE IS FOR COURT USE ONLY

**Date:** 27 May 2004

**Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):**
Donald W. Bauer

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
Central District of Illinois
216 Federal Building
100 N. E. Monroe Street
Peoria, Illinois 61602-1003

HARDIN W. HAWES, CLERK
U. S. BANKRUPTCY COURT
CENTRAL ILLINOIS DISTRICT

2004 JAN 13 A 10:18

FILED

Case No.: 3-842178

Chapter: 11

In re: Patriot Seeds Incorporated
Debtor

---

:    Patriot Seeds Incorporated      Adv. Case No.: 03-08277

Plaintiff

-vs-

:    Don Bauer

Defendant.      **TRIAL BY JURY DEMANDED**

## ANSWER TO COMPLAINT TO AVOID AND

## RECOVER PREFERENTIAL TRANSFER

COMES now the defendant, Don Bauer pro se, in the above referenced adversary with his answer and in support states:

1. The defendant, Don Bauer, cannot admit or deny the allegations in paragraph one, as he is without knowledge or information sufficient to form a belief as to the truth of the averment and thereby demands strict proof thereof. Further, the summons for this adversary is the first notice to this defendant of any legal proceeding filed by the plaintiff.

2. The defendant, Don Bauer, cannot admit or deny the allegations in paragraph two, as he is without knowledge or information sufficient to form a belief as to the truth of the averments and there by demands strict proof thereof. Further, the summons for this

**EXHIBIT 2**

adversary is the first notice to this defendant of any legal proceeding filed by the plaintiff.

3. The defendant, Don Bauer, cannot admit or deny the allegations in paragraph three, as he is without knowledge or information sufficient to form a belief as to the truth of the averments and there by demands strict proof thereof. Further, the summons for this adversary is the first notice to this defendant of any legal proceeding filed by the plaintiff.

4. The defendant, Don Bauer, cannot admit or deny the allegations in paragraph four, as he is without knowledge or information sufficient to form a belief as to the truth of the averments and thereby demands strict proof thereof, except the defendant denies there are or were transactions as described in the complaint. Further, the summons for this adversary is the first notice to this defendant of any legal proceeding filed by the plaintiff.

5. The defendant, Don Bauer, denies all the averments in paragraph five.

6. The defendant, Don Bauer in answer to paragraph six, denies any transfer ever took place, but admits Patriot owes the defendant.

7. The defendant, Don Bauer, denies that any transfer ever took place and therefore denies all the averments in paragraph seven.

8. The defendant, Don Bauer, denies that any transfers ever took place and therefore denies the conclusions contained in paragraph eight.

2

9. The defendant, Don Bauer, denies all the averments in paragraph nine.

10. The defendant, Don Bauer, denies the adversary proceeding is a core proceeding and the defendant, Don Bauer does not consent to entry of final orders or judgment by the bankruptcy judge.

WHEREFORE, the defendant, Don Bauer, moves the Court grant no relief to the Plaintiff, Patriot Seeds Incorporated.

Respectfully submitted,

*/s/ Don Bauer*
Don Bauer
11769 North 200th Street
Altamont, Illinois 62411
(618) 483-6486

## COUNTERCLAIM

COMES now the defendant, Don Bauer, in the above referenced adversary with his counterclaim and in support states:

### FRAUD

1. That Patriot Seeds, Inc. thru its attorney, Barry M. Barash, represented to this Court that it had transferred seed corn to Don Bauer

2. That Patriot Seeds, Inc. knew that it had not transferred any seed corn to Don

3

Bauer as represented.

3. That Patriot Seeds, Inc. intended to induce Don Bauer to allowing a judgment be entered against him in the excess of $2,376.00.

4. That Don Bauer had to rely on the representation as alleged in paragraph one as true because this Court would consider them true and enter a judgment against Don Bauer.

5. That Patriot Seeds, Inc. thru its attorney, Barry M. Barash, concealed and is concealing from this Court that it owes Don Bauer $2,376.00 plus patriot bucks in the excess of $3,000.00

6. That Don Bauer has been and is being damaged by Patriot Seeds, Inc. by its concealment of the debt due him and the false claim that seed was transferred to him.

7. That the business esteems of Don Bauer have been damaged by the Patriot Seeds', Inc. actions and concealment.

WHEREFORE, Don Bauer, after a trial by jury moves this Court to enter a judgment against Patriot Seeds, Inc. for $5,376.00 and exemplary damages of $500,000.00.

Respectfully submitted,

*Donald W. Bauer*
Don Bauer
11769 North 200th Street
Altamont, Illinois 62411
(618) 483-6486

4

## PROOF OF SERVICE

The undersigned certifies that a true copy of the **ANSWER TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER and COUNTERCLAIM** were placed in the U.S. mail, with proper postage affixed and addressed to Barry M Barash POB 1408 Galesburg, IL 61402 this 27th day of January 2004

*[signature]*
Don Bauer
11769 North 200th Street
Altamont, Illinois 62411
(618) 483-6486