UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| IN RE<br><br>PATRIOT SEED, INC.<br><br>Debtor<br><br>RICHARD E. BARBER, Trustee<br><br>Plaintiff/Counterdefendant<br><br>vs.<br><br>DON BAUER<br><br>Defendant/Counterplaintiff | No. 05-1149 |

**MOTION TO DISMISS AMENDED COUNTERCLAIM**

Richard E. Barber, not personally, but as Chapter 7 Trustee of Patriot Seed, Inc., moves to dismiss the amended counterclaim, and in support of this motion says:

-A-
Introduction

1.  Patriot Seed, Inc. (Mr. Bauer has incorrectly named the company Patriot Seeds, Inc.) filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of Illinois on September 4, 2003, Case No. 03-84217.

2.  The initial Chapter 11 filing created an estate. 11 USC §541(a).

3.  On November 21, 2003 (while the case was still in Chapter 11), Patriot Seed, Inc. (acting as debtor in possession, 11 USC §1107), filed a complaint to avoid and recover

a preferential transfer from Mr. Bauer. The case was filed in the United States Bankruptcy Court for the Central District of Illinois (Adversary No. 03-08277). The amount in controversy was $2,376.00.

4. The Chapter 11 case was converted to one for liquidation under Chapter 7 of the Bankruptcy Code on March 16, 2004; thereafter, Richard E. Barber was appointed Chapter 7 Trustee of the bankruptcy estate. Mr. Barber continues to act as trustee.

5. *Inter alia*, the estate consisted of all legal or equitable interests of the debtor in property as of the commencement of the estate, except as otherwise provided in §541(a). Specifically, however, the bankruptcy estate consisted of "any interest in property preserved for the benefit of or ordered transferred to the estate under §551 of the Bankruptcy Code." 11 USC §541(a)(4).

6. 11 USC §551 refers to 11 USC §547, the provision of the Bankruptcy Code which permits the trustee (or in the case of a Chapter 11 debtor in possession as was Patriot Seed before conversion), to avoid and recover a preference.

7. When the Chapter 11 was filed, the debtor remained in possession of its property as debtor in possession. 11 USC §1107.

8. Patriot Seed had authority to operate its business. 11 USC §1108.

9. The debtor in possession had the avoiding powers of a trustee. 11 USC §1107.

10. When the case was converted to liquidation under Chapter 7, the Chapter 7 trustee succeeded to the interests of Patriot Seed, as debtor in possession.

11.     Section 704 of the Bankruptcy Code charges the trustee (or the debtor in possession) with certain duties, including the obligation to collect and reduce to money the property of the estate.  11 USC §704(1).

12.     The automatic stay, 11 USC §362, stays any action by any claimant against the debtor; if Mr. Bauer's amended counterclaim is construed as an action against the debtor (as distinct from any action against the trustee), it is stayed by §362.  But if the action is construed as one against the trustee (Mr. Bauer refers to "their successor in interest"), then the following applies to the numbered counts of his amended counterclaim.

### First Cause of Action: Defamation of Character

1.     Mr. Bauer asserts that the filing of a preference action by the debtor in possession which was later assumed by the Chapter 7 trustee defamed him.

2.     The filing of a complaint to recover a preference is privileged, and as such, Mr. Bauer's first cause of action should be dismissed with prejudice pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

### Second Cause of Action: Conversion

-A-

1.     The second cause of action, conversion, asserts that Patriot "took the unauthorized and wrongful assumption of control of $2,376.00 of bagged seed corn intended for Don Bauer." (Count 2, paragraph 2) Mr. Bauer then says that he had a "right to possession of the bagged seed corn" (Count 2, paragraph 4), and that the seed corn was "supposed to pay a debt owed him by Patriot Seeds, Inc." (Count 2, paragraph 4)

2.     He then says that Patriot filed bankruptcy, "claiming they paid their debt owed to Don Bauer." (Count 2, paragraph 5)

3

3. All of these assertions, when distilled to their essence, imply that Mr. Bauer has a claim in the Patriot Seed bankruptcy.

4. Claims in bankruptcy are governed by 11 USC §§501-510. If Mr. Bauer has a claim, he must file it in the bankruptcy court where it is subject to allowance or disallowance pursuant to §502. One may not bypass the bankruptcy claims procedure by filing a complaint or counterclaim in district court. As such, Count 2 of Mr. Bauer's counterclaim fails to state a cause of action and should be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

-B-

5. In an affidavit dated July 21, 2004 and again in an affidavit dated August 20, 2004 (denominated by Mr. Bauer as Exhibit A and Exhibit 1, respectively), Bauer said:

> 2. That I never entered into any agreement with the debtor, Patriot Seeds, Inc. to accept seed corn for payment of the debt Patriot Seeds, Inc. owed me between Friday, June 6, 2003 and Thursday, September 4, 2003. (Exhibit A, ¶2, Bauer's Motion for Summary Judgment)
>
> 3. That to this date, I do not know of any right that I have to put to my own purpose the seed corn that Patriot Seeds, Inc. has claimed, in this adversary proceeding, to have transferred to me. (Exhibit 1, ¶3, Bauer's Response (actually his reply) to Trustee's Response to Bauer's Motion for Summary Judgment)

6. The foregoing affidavits contradict the allegations of paragraphs 2 and 4 of Count 2 of Mr. Bauer's complaint in this court:

> 2. That on or about July 31, 2003, Patriot Seeds, Inc. took the unauthorized and wrongful assumption of control of $2,376.00 of bagged seed corn intended for Don Bauer.

* * *

   4.  That Don Bauer had a right to possession of the bagged seed corn, which was suppose to pay a debt owed him by Patriot Seeds, Inc.

7.  Mr. Bauer has pled himself out of court.

Plaintiff's memorandum of law accompanies this motion.

Relief sought:

   a.  That Mr. Bauer's counterclaim be dismissed in its entirety, with prejudice.

   b.  Such other proper relief.

            /s/ Barry M. Barash
            Barry M. Barash
            Plaintiff/Counterdefendant's Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2005, I served a copy of this document to the following non CM/ECF participant at the following address by United States mail:

Don Bauer
11769 N. 200th St.
Altamont, IL 62411

I further certify that on August 22, 2005, I e-mailed a copy of this document to:

Richard E. Barber
Chapter 7 Trustee for Patriot Seed, Inc.
rebarber@grics.net

/s/ Barry M. Barash
Barry M. Barash
Plaintiff/Counterdefendant's Attorney

Barry M. Barash (ARDC Reg. #108928) pf
Barash & Everett, LLC
Plaintiff/Counterdefendant's Attorney
256 South Soangetaha Road, Suite 108
PO Box 1408
Galesburg, IL 61402-1408
Telephone:   309/341-6010
Fax:         309/341-1945
E-Mail: barashb@barashlaw.com

# AFFIDAVIT

State of Illinois      )
County of Effingham    ) ss.

**Comes now Donald W. Bauer**, sworn under oath with the threat of perjury, and deposes and states the following:

1. That if called as a witness, I could competently testify to the facts stated herein.

2. That I never entered into any agreement with the debtor, Patriot Seeds Inc. to accept seed corn for payment of the debt Patriot Seeds Inc. owed me between Friday, June 6, 2003 and Thursday, September 4, 2003.

3. That I never received any seed corn from the debtor, Patriot Seeds Inc. for payment of the debt Patriot Seeds Inc. owed me between, Friday, June 6, 2003, and Thursday, September 4, 2003.

Signed and sworn before me this 21st day of July, 2004.

_Donald W. Bauer_
Donald W. Bauer

Donald W. Bauer acknowledged this instrument before me.

_Amanda R. Brummer_
Notary Signature

"OFFICIAL SEAL"
AMANDA R. BRUMMER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8/16/05

EXHIBIT A

# AFFIDAVIT

State of Illinois        )
County of Effingham      ) ss.

**Comes now Donald W. Bauer**, sworn under oath with the threat of perjury, and deposes and states the following:

1. That if called as a witness, I could competently testify to the facts stated herein. .

2. That to this date, I do not have dominion over any of the seed corn that Patriot Seeds Inc. has in this adversary alleged to be transferred to me.

3. That to this date, I do not know of any right that I have to put to my own purpose the seed corn that Patriot Seeds Inc. has claimed, in this adversary proceeding, to have transferred to me.

Signed and sworn before me this 20th day of August, 2004.

_Donald W. Bauer_
Donald W. Bauer

Donald W. Bauer acknowledged this instrument before me.

_Karen J. Buckels_
Notary Signature

"OFFICIAL SEAL"
KAREN J. BUCKELS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5/22/07

EXHIBIT 1