UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| IN RE<br><br>PATRIOT SEED, INC.<br><br>　　　　Debtor<br><br>RICHARD E. BARBER, Trustee<br><br>　　　　Plaintiff/Counterdefendant<br><br>vs.<br><br>DON BAUER<br><br>　　　　Defendant/Counterplaintiff | No. 05-1149 |

**CHAPTER 7 TRUSTEE'S POINTS AND AUTHORITIES**
**IN SUPPORT OF RULE 12(b)(6) MOTION**

Richard E. Barber, not personally, but as Chapter 7 Trustee of Patriot Seed, Inc., submits the following in support of his motion to dismiss defendant's amended counterclaim:

-A-
Introduction

Patriot Seed, Inc. (Mr. Bauer has incorrectly named the company Patriot Seeds, Inc.) filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of Illinois on September 4, 2003, Case No. 03-84217.

The initial Chapter 11 filing created an estate. 11 USC §541(a).

On November 21, 2003 (while the case was still in Chapter 11), Patriot Seed, Inc. (acting as debtor in possession, 11 USC §1107), filed a complaint to avoid and recover a preferential transfer from Mr. Bauer. The case was filed in the United States Bankruptcy Court for the Central District of Illinois (Adversary No. 03-08277). The amount in controversy was $2,376.00.

The Chapter 11 case was converted to one for liquidation under Chapter 7 of the Bankruptcy Code on March 16, 2004; thereafter, Richard E. Barber was appointed Chapter 7 Trustee of the bankruptcy estate. Mr. Barber continues to act as trustee.

*Inter alia*, the estate consisted of all legal or equitable interests of the debtor in property as of the commencement of the estate, except as otherwise provided in §541(a). Specifically, however, the bankruptcy estate consisted of "any interest in property preserved for the benefit of or ordered transferred to the estate under §551 of the Bankruptcy Code." 11 USC §541(a)(4).

11 USC §551 refers to 11 USC §547, the provision of the Bankruptcy Code which permits the trustee (or in the case of a Chapter 11 debtor in possession as was Patriot Seed before conversion), to avoid and recover a preference.

When the Chapter 11 was filed, the debtor remained in possession of its property as debtor in possession. 11 USC §1107.

Patriot Seed had authority to operate its business. 11 USC §1108.

The debtor in possession had the avoiding powers of a trustee. 11 USC §1107.

When the case was converted to liquidation under Chapter 7, the Chapter 7 trustee succeeded to the interests of Patriot Seed, as debtor in possession.

Section 704 of the Bankruptcy Code charges the trustee (or the debtor in possession) with certain duties, including the obligation to collect and reduce to money the property of the estate.  11 USC §704(1).

The automatic stay, 11 USC §362, stays any action by any claimant against the debtor; if Mr. Bauer's amended counterclaim is construed as an action against the debtor (as distinct from any action against the trustee), it is stayed by §362.  But if the action is construed as one against the trustee (Mr. Bauer refers to "their successor in interest"), then the following applies to the numbered counts of his amended counterclaim.

On May 5, 2005, Bankruptcy Judge Altenberger remanded Mr. Bauer's defamation counterclaim to the district court.  On July 6, 2005, Mr. Bauer filed a motion to amend his counterclaim to add a count for conversion.  At the Rule 16 conference held August 3, 2005, Judge Gorman ordered that Mr. Bauer refile his pleadings in a single document; he did that in a document entitled "Amended Counterclaim" which was filed August 10, 2005.

The amended counterclaim seeks relief against Patriot Seeds, Inc. , "or their successor in interest."

The first cause of action is entitled defamation of character, the second, conversion.

-B-
First Cause of Action: Defamation of Character

Mr. Bauer asserts that the filing of the complaint to avoid and recover a preference, first by Patriot as debtor in possession, and later by Richard E. Barber, Chapter 7 Trustee for Patriot, in some way defamed him.

A case on point is Gregory v. United States, 942 F.2d 1498 (10th Cir. 1991).  In that case, plaintiff sought to hold a bankruptcy trustee liable for executing the bankruptcy court's

orders concerning collection and disposition of estate property. The court held that the trustee was "absolutely immune from civil liability (this case is indistinguishable from T&W which we have followed in granting absolute immunity to those executing facially valid judicial orders."). 942 F2d 1498, 1500.

Then, citing Conley v. Gibson, 355 US 41, 45-46, 78 S Ct 99, 101-102, 2 L Ed 2d 80 (1957), the court concluded:

> There was no set of facts in support of [their] claim which would entitle [them] to relief and the district court's dismissal of the trustee with prejudice should be upheld. 942 F.2d 1498, 1500.

What Mr. Bauer claims in Count 1 is that the trustee, in suing him, has defamed him. Section 587 of the Restatement (2d) of Torts, says that Mr. Bauer's pleading is nonsense:

> A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a party of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.

An excellent discussion of the issue appears in McGrew v. Heinold Commodities, Inc., 147 Ill. App. 3d 104, 497 N.E. 2d 424, 100 Ill. Dec. 446 (1st Dist. 1986):

> Plaintiffs have alleged no defamatory acts other than procurement and service of garnishment summonses. The privilege arising from statements connected with judicial proceedings is absolute. The grounds for this privilege appear on the face of the complaint, and can be considered in a motion to dismiss for failure to state a cause of action. 100 Ill. Dec. 446, 454.

As the trustee's complaint is privileged, Mr. Bauer could not have possibly have been defamed and this count should be dismissed with prejudice.

Second Cause of Action: Conversion

-A-

Mr. Bauer's affidavits in the bankruptcy court are inconsistent with his claim that he owned seed corn which was converted by the trustee or by the debtor in possession. Paragraph 4 of Mr. Bauer's complaint says, ". . . Don Bauer had a right to possession of the bagged seed corn . . ." His affidavits are *contra*.

You can plead yourself out of court, which is what Mr. Bauer has done:

> A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense. Barry Aviation, Inc. v. Land O' Lakes Municipal Airport Commission, 377 F.3d 682, 688 (7th Cir., 2004).

-B-

A second and independent reason why Count 2 fails is that Bauer's assertions, distilled to their essence, imply that he has a claim in the Patriot Seed bankruptcy. As claims in bankruptcy are governed by 11 USC §501-510, if Mr. Bauer has a claim, he must file it in the bankruptcy court where it is subject to allowance or disallowance pursuant to §502. And whatever Mr. Bauer's claim may be, it's junior to prior claims and expenses of administration, and to the order of priority established by 11 USC §507. Mr. Bauer can't jump to the head of the bankruptcy line by filing something in this court.

As such, Count 2 of Mr. Bauer's counterclaim fails to state a cause of action and should be dismissed.

Respectfully submitted,

/s/ Barry M. Barash
Barry M. Barash
Plaintiff/Counterdefendant's Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2005, I served a copy of this document to the following non CM/ECF participant at the following address by United States mail:

Don Bauer
11769 N. 200th St.
Altamont, IL 62411

I further certify that on August 22, 2005, I e-mailed a copy of this document to:

Richard E. Barber
Chapter 7 Trustee for Patriot Seed, Inc.
rebarber@grics.net


        /s/ Barry M. Barash
        Barry M. Barash
        Plaintiff/Counterdefendant's Attorney


Barry M. Barash (ARDC Reg. #108928) of
Barash & Everett, LLC
Plaintiff/Counterdefendant's Attorney
256 South Soangetaha Road, Suite 108
PO Box 1408
Galesburg, IL 61402-1408
Telephone:   309/341-6010
Fax:         309/341-1945
E-Mail: barashb@barashlaw.com