## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| IN RE PATRIOT SEED, INC. | ) |
| Debtor, | ) |
| RICHARD E. BARBER, Trustee | ) |
| Plaintiff/Counterdefendant, | ) |
| v. | ) Case No. 05-1149 |
| DON BAUER | ) |
| Defendant/Counterplaintiff. | ) |

### ORDER

Before the Court is Plaintiff/Counterdefendant's Motion to Dismiss Defendant/Counterplaintiff's Amended Counterclaim. For the reasons set forth below, the Motion to Dismiss the Amended Counterclaim [#117] is GRANTED.

### BACKGROUND

On September 4, 2003, Patriot Seed, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of Illinois. This filing created an estate pursuant to the Bankruptcy Code.

On November 21, 2003, Patriot Seed, Inc., acting as a Debtor in Possession filed a complaint to avoid and recover a preferential transfer of $2,376.00 from the Defendant/Counterplaintiff, Don Bauer ("Bauer"). During that time, Patriot Seed, Inc. remained in possession of its property and had authority to operate its business.

The Chapter 11 case was converted to one for liquidation under Chapter 7 of the Bankruptcy Code on March 16, 2004. At that point, Richard E. Barber ("Barber" or "Trustee") was appointed Chapter 7 Trustee of the bankruptcy estate. The Trustee succeeded to the interests of Patriot Seed, which had been acting as a debtor in possession. Mr. Barber continues to act as Trustee for the estate.

In response to Patriot Seed's preference action, Bauer filed an Answer and Counterclaim. Subsequently, Barber, as Trustee filed a Motion to Dismiss all claims against Bauer with prejudice. The Motion was granted on May 5, 2005.

On July 6, 2005, Bauer was granted leave to amend his counterclaim to include a claim for conversion. Bauer filed his amended counterclaim on August 10, 2005, asserting claims of defamation and conversion against Patriot Seed, Inc. In response, Barber, acting as Trustee for Patriot Seed, Inc., filed this Motion to Dismiss the Amended Counterclaim and Bauer filed a response to the Motion. As this issue is now fully briefed, this Order follows.

## STANDARD OF REVIEW

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, Courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. *Chaney v. Suburban Bus. Div.,* 52 F.3d 623, 627 (7th Cir.

1995); *Venture Associates. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

## DISCUSSION

Bauer asserts a Counterclaim of defamation and conversion against Patriot Seed, Inc. As the Trustee points out, Bauer's Counterclaim does not clearly define whether he is pursuing his claims against Patriot Seed, Inc. or the Trustee. Although the caption of Bauer's Amended Counterclaim states that his claims are against Patriot Seed, Inc., the Prayer for Relief asks the Court to "enter judgment against the plaintiff-counter-defendant, Patriot Seeds, Inc., or their successor in interest." Accordingly, the Court construes Bauer's claims as claims against Patriot Seed, Inc. or Barber, as the Trustee for the Chapter 7 liquidation, and will refer to them collectively as Plaintiff. The Court will address each claim individually.

### A.    Defamation

Bauer claims that Plaintiff defamed him by filing an action to avoid the $2,376.00 preference and that the filing of this action has defamed his character and caused him to suffer in the eyes of the community. Specifically, Bauer asserts that he has been injured and is entitled to damages because every preference action is reported to credit reporting agencies throughout the country and this reporting has caused him irreparable damage. Bauer further claims that Plaintiff filed this action based on some unknown greed or scheme, that Plaintiff's conduct in filing the preference action is evidence that Plaintiff will resort to any level to destroy Bauer, and that Bauer is damaged on a daily basis as a result of Plaintiff's filing of the preference action. In its Motion to Dismiss, Plaintiff argues that Bauer's defamation claim should be dismissed because a party cannot be held liable for

defamation where the sole claim of defamation is the filing of a complaint to recover a preference.

Even if Bauer could assert a prima facie case of defamation, an issue which the Court does not reach, Plaintiff's Motion to Dismiss Bauer's defamation claim would be granted because Plaintiff's actions in filing the preference action are entitled to absolute privilege. In Illinois, the litigation privilege provides immunity from civil suit for the defamatory statements made preliminary to or during the course of litigation so long as the defamatory matter is pertinent to the litigation. *Medow v. Flavin*, 336 Ill. App. 3d 20, 32 (1st Dist. 2002). The requirement that statements made in a judicial proceeding be pertinent or relevant is not strictly applied. *Id.* The litigation privilege attaches "even where the defamatory statement is not confined to specific issues related to the litigation and all doubts should be resolved in favor of finding pertinency." *Id.* These broad privileges apply in bankruptcy cases. *In re Berry Pub. Svcs., Inc.,* 231 B.R. 676 (Bankr. N.D. Ill. 1999). Based on the limited information in Bauer's Counterclaim and his Response to Plaintiff's Motion to Dismiss, Bauer appears to be claiming that Plaintiff's filing of the preference action is a defamatory statement. This "statement" was clearly made "during the course of litigation" because the Complaint was filed in court under the authority given to Plaintiff by 11 U.S.C. § 704 (1) of the Bankruptcy Code. The Complaint commenced the litigation and is an integral part of the litigation. Additionally, the Complaint is "pertinent to the litigation" because it stated the nature of the claims against Bauer and served to put Bauer on notice of the pendency of the preference action against him.

Although Bauer argues in his Response to Plaintiff's Motion to Dismiss that Plaintiff should not be entitled to the protection of the litigation privilege because Plaintiff lacked

probable cause for bringing the preference action, Bauer's argument is misplaced. An absolute privilege cannot be overcome by a showing of improper motivation, knowledge of falsity, or malice. *Geick v. Kay,* 236 Ill. App. 3d 868, 875 (2d Dist. 1992). Accordingly, even if Plaintiff did not have probable cause for bringing the preference action or acted maliciously in doing so, Bauer's defamation claim would be barred by the absolute litigation privilege. Therefore, the Court grants Plaintiff's Motion to Dismiss with respect to the defamation claim.

**B.      Conversion**

Bauer's second claim is a claim for conversion. Bauer asserts that Plaintiff wrongfully assumed control of $2,376.00 of bagged seed corn that was intended for Bauer, that Plaintiff claimed ownership of the corn by producing it for sale, and that Bauer had a right to the corn as Plaintiff owed it to Bauer as payment for a debt. Bauer then asserts that Plaintiff filed for bankruptcy protection and claimed that it had already paid the debt owed to Bauer when in fact Plaintiff concealed its possession of the corn from Bauer and improperly stored the corn causing it to deteriorate in value. Bauer asserts that Plaintiff then improperly sought to recover the full value of the corn in its preference action filed in the Bankruptcy Court.

Plaintiff argues in response that Bauer's conversion claim should be dismissed because (1) Bauer has effectively pled himself out of Court, and (2) to the extent that Bauer's claim is legitimate, it is properly characterized as a claim in the bankruptcy proceeding and therefore should be filed in the Bankruptcy Court.

Conversion is the "unauthorized deprivation of property from a person entitled to its possession." *Prescott v. Allstate Life Ins. Co.,* 341 F. Supp. 2d 1023, 1027 (N.D. Ill. 2004).

"The essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." *Horbach v. Kaczmarek,* 288 F.3d 969, 978 (7th Cir. 2002) (citing *In re Thebus*, 108 Ill.2d 255, 91 (1985)). To prove conversion, Bauer must show that: (1) Plaintiff, without authorization, assumed control of Bauer's property, (2) that Bauer had a right to the property, (3) that Bauer had an immediate right to possession of the property, and (4) Bauer demanded possession of the property. *Prescott,* 341 F. Supp. 2d at 1027.

Plaintiff argues that Bauer's conversion claim should be dismissed because any claim that Bauer has is actually a claim that is subject to the current bankruptcy proceedings. The Court agrees. In fact, Bauer has filed a Proof of Claim for the "balance owed for returned seed" with the Bankruptcy Court. Accordingly, the Court dismisses Bauer's conversion claim because any claim that Bauer has against Plaintiff with respect to the seed corn which was the subject of the preference action falls within the jurisdiction of the Bankruptcy Court. As a result, in light of this ruling, the Court declines to address Plaintiff's argument that Bauer's conversion claim should be dismissed because Bauer has pled himself out of court.

## CONCLUSION

For the reasons set forth above, Plaintiff/Counterdefendant Barber's Motion to Dismiss is GRANTED and this case is now terminated.

ENTERED this 1st day of December, 2005.

                                                      s/ Michael M. Mihm
                                                    Michael M. Mihm
                                                    United States District Judge